UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BRENDA LEE GEIGER, TIFFANY TOTH,
CARMEN ELECTRA, and CLAUDIA
SAMPEDRO,

                               Plaintiffs,

           -against-

LA OFICINA OF QUEENS, INC. d/b/a/ LA OFICINA and
GEORGE NIKOLAOS STOUPAS,

                               Defendants.
------------------------------------------------------------------------x
LA OFICINA OF QUEENS, INC. d/b/a/ LA OFICINA and
GEORGE NIKOLAOS STOUPAS,

                             Third-Party Plaintiffs,

           -against-

ALBERT AMIEL,

                             Third-Party Defendant.
------------------------------------------------------------------------x

THIRD-PARTY COMPLAINT

Case No.: 16-cv-491 (FB)(RML)

      Defendants/Third-Party Plaintiffs La Oficina of Queens, Inc. d/b/a La Oficina and George Nikolaos Stoupas (collectively, "Third-Party Plaintiffs"), by and through their undersigned counsel, as and for their third-party complaint ("Third-Party Complaint"), respectfully allege as follows:

## NATURE OF ACTION

      1.    This is an action for indemnification, contribution, and specific performance arising out of Third-Party Defendant's use of a social media account under the username "laoficinany" without authorization.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. §1367 because the state law claims asserted in this matter are within the Court's supplemental jurisdiction given that they arise out of a suit based on federal question jurisdiction.

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 because third-party defendant Albert Amiel resides in the Court's judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the Court's judicial district.

## PARTIES

4. Third-Party Plaintiff La Oficina of Queens, Inc. d/b/a La Oficina ("La Oficina") is a New York corporation with a principal place of business located at 39-20 104th Street, Corona, NY 11368.

5. Third-Party Plaintiff George Nikolaos Stoupas ("Stoupas") is the president and sole shareholder of La Oficina.

6. Third-Party Defendant Albert Amiel ("Amiel") is a former employee and shareholder of La Oficina who, upon information and belief, resides in Oceanside, New York.

## FACTUAL ALLEGATIONS

7. La Oficina operates a "gentlemen's club" located at 39-20 104th Street, Corona, New York (the "Club") that features, among other things, entertainment by semi-nude women.

8. Pursuant to an employment agreement, dated September 1, 2011 ("Employment Agreement"), Amiel was employed by La Oficina "as one of its Supervisors of

Operations and as a Manager for its business conducted at 39-20 104th Street Corona, New York."

9. As set forth in the Employment Agreement, Amiel's responsibilities as an employee of La Oficina included "participat[ion] in the management of the Company's operations," "responsibility for the supervision, management and control of any food and beverage operations," and maintaining "daily records and books of operations, including receipts and disbursements."

10. Pursuant to an Agreement of Sale, dated December 9, 2011, Amiel purchased 20% of the stock of La Oficina from Stoupas, who, at the time, owned 100% of the shares of La Oficina.

11. During Amiel's employment with La Oficina, Stoupas was the sole officer and director of La Oficina.

12. During the course of his employment with La Oficina, Amiel set up an "Instagram" social media account under the username "laoficinany" (the "LaOficinaNY Account").

13. Upon information and belief, Amiel retained sole control over the LaOficinaNY Account.

14. Upon information and belief, Amiel was, and still is, the only person with access to the password for the LaOficinaNY Account.

15. La Oficina had no control over any of the postings made on the LaOficinaNY Account.

16. Stoupas had no control over any of the postings made on the LaOficinaNY Account.

17. Upon information and belief, the only person who has ever been able to make postings on the LaOficinaNY Account is Amiel.

18. Upon information and belief, Amiel posted, among other things, photographs of flyers created by promoters ("Promoters' Materials") who hosted events at La Oficina on the LaOficinaNY Account.

19. Neither Stoupas nor La Oficina had any involvement in the creation of the Promoters' Materials.

20. Neither Stoupas nor La Oficina had any involvement in the selection of the Promoters' Materials or any other materials that Amiel posted on the LaOficinaNY Account.

21. In 2014, Stoupas began receiving complaints that Amiel was engaging in unauthorized activity at the Club, such as firing bartenders and entertainers, intimidating "bus boys," and harassing employees and customers.

22. Additionally, Stoupas became aware that Amiel was making unauthorized withdrawals from an automatic teller machine at the Club and removing funds from a safe at the Club without authorization.

23. As the result of Amiel's unauthorized activity at the Club, on or about April 26, 2014, Stoupas terminated Amiel's employment with La Oficina and informed him that his name "as an authorized signatory has been removed from all accounts."

24. Upon learning of Amiel's unauthorized activity, Stoupas immediately took action to completely separate from Amiel and to purchase all of Amiel's shares in La Oficina, but Stoupas could not take action that would have resulted in the removal of Amiel as a shareholder until he obtained approval from the New York State Liquor Authority ("SLA").

25. Upon obtaining approval to do so from the SLA, Stoupas purchased all of Amiel's stock in La Oficina pursuant to an Agreement of Purchase, dated August 7, 2014.

26. In connection with Amiel's termination, Stoupas requested that Amiel provide him with the password and other information required for Stoupas to gain control over the LaOficinaNY Account (the "LaOficinaNY Log-In Information").

27. In response, Amiel refused to provide Stoupas with the LaOficinaNY Log-In Information.

28. Stoupas requested that Amiel shut down the LaOficinaNY Account and delete all postings from the LaOficinaNY Account.

29. In response, Amiel refused to shut down the LaOficinaNY Account and delete all postings from the LaOficinaNY Account.

30. Stoupas contacted Instagram to request that Instagram shut down and disable the LaOficinaNY Account because Stoupas and La Oficina had no control over it and persons viewing it would believe that La Oficina had control over the postings made on the LaOficinaNY Account.

31. Instagram advised Stoupas that it would not shut down the LaOficinaNY Account, and that it would not provide him with the LaOficinaNY Log-In Information.

32. As the result, La Oficina set up an "official" Instagram account on behalf of itself under the username "laoficinanyc."

33. In or about February 2016, Stoupas became aware that Plaintiffs were claiming that certain images posted by Amiel on the LaOficinaNY Account violated their rights.

34. On or about February 2, 2016, La Oficina's attorney sent a cease and desist letter to Amiel demanding that he cease and desist from posting images on the LaOficinaNY Account ("Cease and Desist Letter").

35. Amiel failed to disable the LaOficinaNY Account in response to the Cease and Desist letter and, upon information and belief, all of the images that Plaintiffs claim violate their rights remain posted on the LaOficinaNY Account.

36. Given that Stoupas and La Oficina do not have the LaOficinaNY Log-In Information, they are unable to remove the images that are the subject of Plaintiffs' claims from the LaOficinaNY Account.

## COUNT I
### (INDEMNIFICATION)

37. Third-Party Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs above as if fully set forth herein.

38. The injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused by the acts, omissions, breach of duty, breach of contract, fault, carelessness, negligence, recklessness or other culpable conduct on the part of Amiel, without any negligence or other culpable conduct on the part of Third-Party Plaintiffs.

39. If any verdict or judgment is recovered in this action by Plaintiffs against Third-Party Plaintiffs, such verdict or judgment will have been brought about or caused solely by reason of the conduct of Amiel.

40. Third-Party Plaintiffs are therefore entitled to full indemnity in an amount equal to the total sum of any such verdict or judgment from Amiel, together with costs and disbursements.

## COUNT II
### (CONTRIBUTION)

41. Third-Party Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs above as if fully set forth herein.

42. The injuries and damages, if any, sustained by Plaintiffs, were directly and proximately caused by the acts, omissions, breach of duty, breach of contract, fault, carelessness, negligence, recklessness or other culpable conduct on the part of Amiel, without any negligence or other culpable conduct on the part of Third-Party Plaintiffs.

43. If any verdict or judgment is recovered in this action by Plaintiffs against Third-Party Plaintiffs, such verdict or judgment will have been brought about or caused in total or substantial part by reason of the conduct of Amiel.

44. Third-Party Plaintiffs are therefore entitled to contribution from Amiel in accordance with the parties' respective culpability.

## COUNT III
### (SPECIFIC PERFORMANCE)

45. Third-Party Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs above as if fully set forth herein.

46. La Oficina performed all of its obligations under the Employment Agreement.

47. The Employment Agreement provides at paragraph 4(c) that Amiel agreed "to return to the Corporation upon termination of employment all materials relating to the Corporation or its business, including all Confidential Information, coming into the Employee's possession during the term of the Employee's employment with the Corporation."

7

48. In connection with the termination of Amiel's employment with La Oficina, Stoupas has repeatedly requested that Amiel provide him with the LaOficinaNY Log-In Information so that Stoupas could disable the LaOficinaNY Account and delete all materials posted in connection with the LaOficinaNY Account.

49. Amiel breached the Employment Agreement by failing to provide Third-Party Plaintiffs with the LaOficinaNY Log-In Information upon request.

50. As the result, Third-Party Plaintiffs respectfully request that the Court issue an order directing Amiel to specifically perform the Employment Agreement by providing Third-Party Plaintiffs with the LaOficinaNY Log-In Information.

### **DEMAND FOR JURY TRIAL**

51. Third-Party Plaintiffs demand trial by jury.

**WHEREFORE**, Third-Party Plaintiffs respectfully request Judgment in their favor and against Third-Party Defendant as follows:

(a) to the extent that Third-Party Plaintiffs are found liable for any amount of damages to Plaintiffs, Third-Party Plaintiffs are entitled to indemnity from Third-Party Defendant for any and all such amounts, plus all costs and expenses incurred as the result of defending against Plaintiffs' claims;

(b) to the extent that Third-Party Plaintiffs are found liable for any amount of damages to Plaintiffs, Third-Party Plaintiffs are entitled to contribution from Third-Party Defendant for any and all such amounts, plus all costs and expenses incurred as the result of defending against Plaintiffs' claims;

(c) directing Third-Party Defendant to provide Third-Party Plaintiffs with the LaOficinaNY Log-In Information;

  (d)  attorneys' fees, costs, and disbursements; and

  (e)  for such other and further relief as the Court deems just and proper.

Dated:  Freeport, New York
     May 12, 2016

**LAW OFFICE OF MARC M. ISAAC PLLC**

By:  /s/ Marc M. Isaac
   Marc M. Isaac

23 South Main Street, Suite 30
Freeport, New York  11520-3603
(516) 750-1422
*Attorney for Defendants/Third-Party Plaintiffs*
*La Oficina of Queens, Inc. d/b/a La Oficina and*
*George Nikolaos Stoupas*